No. 814

SANZONE v. CINCI. MORRIS PLAN BANK

Ohio Appeals, 1st Dist., Hamilton County
No. 2325. Feb. 25, 1924

147. BILLS, NOTES AND CHECKS — Trade acceptance held complete and regular on its face, negotiated before due, in good faith for value and properly indorsed.

54. BANKS AND BANKING—Trade acceptance not irregular and non-negotiable because maturity date exceeds 90 days of discount unless indorser has negotiated more than 20 per cent bank capital stock.

951. PRINCIPAL AND AGENT—Evidence of agency by declaration of agent not admissible against principal.

BUCHWALTER, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

The Cincinnati Morris Plan Bank brought an action against Sanzone before a justice of the peace. Judgment was for the bank and appealed to the common pleas, and again the bank obtained judgment.

Action was brought for $100 and interest due on a trade acceptance as follows:

"The Morris Plan Retail Trade Acceptance, Cincinnati, Sept. 30th, 1920. No. 64A429. July 30th, 1921, Pay to the Order of ourselves two hundred dollars ($200.00). The obligation of the acceptor hereof arises out of the purchase of goods from the drawer.

"The drawee may accept this bill payable at any bank, banker, or trust company in the United States which he may designate. To Mrs. Norma Sanzone, Queen City Music Shoppe, 5326 Main Ave. By J. H. Young, Norwood, O."

Across the face of the trade accaptance is the following:

"Accepted. Date, Sept. 30th, 1920. Payable at Cincinnati Morris Plan Bank. Location, Cincinnati, Ohio. Mrs. Norma Sanzone (Signature of Customer) '

Endorsement on back: "Pay to the order of Cincinnati Morris Plan Bank. J. H. Young."

Mrs. Sanzone alleges that the purchase was on open account, that J. H. Young induced her to execute the trade acceptance and also a chattel mortgage with the understanding that payments were to be made to said Young as they fell due and that said papers were to remain in Young's possession. She contended further that her husband had paid Young the full amount of the purchase price. That Young was the bank's agent and payment to him would be payment to the bank. That the trade acceptance was improperly admitted, being endorsed only by said Young, and the bank took it subject to all equities and defenses. That the instrument was not negotiable in that it matured more than 90 days after time of discount as provided by 710-124 GC. Affirming judgment of the common pleas, the Court of Appeals held:

1. The trade acceptance is complete and regular on its face, and was obtained by the bank before maturity, in good faith, for value and properly indorsed. The bank notified her to make payment to the bank.

2. Trade acceptances do not become irregular and non-negotiable by having a maturity date in excess of 90 days if the indorser has not negotiated acceptances or other negotiable paper in excess of 20 per cent of bank capital stock.

3. Evidence showing agency to be established by statements of alleged agent not admissible against principal.

Attorneys—W. S. Little and M. F. Little, for Sanzone; Wm. R. Collins and Herbert F. Koch, for Cincinnati Morris Plan Bank.